McKinney, J.,
delivered the opinion of the court.
This suit was commenced before a Justice of the Peace, to recover damages for fraud in a swap or exchange of horses.
The ground of the action is,'that the defendant represented the horse he gave in exchange to the plaintiff to have one good eye, which representation he knew to be false, and fraudulently concealed the fact, known to him at the time, that the eye so represented to be good, was utterly defective, or nearly so.
The case was taken by appeal to the circuit court, where, upon a trial being had, verdict and judgment were rendered for the defendant, and the plaintiff prosecuted an appeal in error to this court.
It appears from the testimony of a witness, present at the time, that before the exchange was made, Baker examined the horse’s eyes and said he did not like them, that “he considered one eye blind, and thought the other eye too blue, and did not like it.” Seahorn said “he would not insure his horse’s eye; that he thought he had one good eye; but the man from whom he got the horse did not insure the eye to him; that if Baker swapped for the horse he must risk the eye as he, Seahorn, had done.” He further stated, that “he thought, when he swapped for the horse, he had one good eye, and he thought so then.” This is as much of the proof as, for the present purpose, need be noticed.
The charge of the court to the jury, before their retirement from the bar, was not deemed exceptionable, and is not set out in the record. But after being absent some time, considering of their verdict, the jury returned and inquired of the *56 court: “Whether, if both parties, at the time of the exchange, had doubts of the soundness of the horse’s eye, could there be any fraud in the exchange?” To which inquiry the court replied: “That if they both had doubts, this would show notice to the plaintiff, and be evidence that there was no fraud.”
The first question for our determination is, was this instruction correct? We think not. The defect of the eye, if not patent, — and such defects are not always so, — was a matter in respect to which the plaintiff had a right to inquire, and the defendant, if he made any representation, was bound to disclose the truth, and the whole truth, so far as he was possessed of any knowledge upon the subject. If he knew of the defect, he was under a legal as well as moral obligation to communicate the fact, not partially, but fully and truly. If, with actual knowledge that the eye was positively defective, he had merely suggested a doubt respecting its soundness, this would have been no less a suggestio falsi, and suppressio veri, than if no such doubt had been intimated. The fraud in either case would have been the same in kind, and perhaps scarcely different in degree.
The mere expression of such a doubt, would have been no notice to the plaintiff of the true state and condition of the horse’s eye, as stated by the court, and so far from its being-evidence to show the absence of fraud, we regard it as more properly tending both to establish, and aggravate the fraud; because it could have had no other purpose than to deceive and mislead the plaintiff, by an apparant show of candor and fair dealing.
Judgment reversed.